THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT, v. EDWARD D. JAMES, APPELLANT.

*Answer — when it cannot be stricken out as false or sham.*

Where, in an action to recover penalties for a violation of certain laws, the complaint alleges that the defendant has failed to do certain things therein specified, and the answer denies, as to all the matters specified in the complaint, and in the same language used therein, that the defendant has failed to do the said things, such answer cannot be stricken out as false or sham on the ground that such denials are denials of conclusions of law.

APPEAL from an order striking out the defendant's answer, in part because it was frivolous, and in part because it was sham and false.

The action was brought to recover penalties under section 32, chapter 625 of the Laws of 1871, for a failure to comply with the requirements of section 32 of the said act.

The complaint, after alleging that the defendant was the owner of certain premises therein described, alleged that he "on or about the 27th day of June, 1877, as such owner, lessee or agent, for the owner or owners as aforesaid, violated, assisted in violating, or suffered to exist in violation of one of the provisions of the aforesaid act, in that he did then, and ever since has neglected, omitted, and refused to comply with the requirements of the superintendent of buildings, and with said law, by failing to provide said building with sufficient means of egress and escape in case of fire, by not placing therein a substantial stationary iron

ladder, to lead from the top floor to the scuttle opening in the roof thereof."

The answer was as follows : " This defendant, answering the complaint in this action, denies that the plaintiffs are duly organized as a corporation under the laws of the State of New York, and further answering, he denies that he has violated any law or ordinance, as set forth in the complaint in this action ; or assisted in the violation thereof, or that he has failed or neglected to provide sufficient means of egress or escape from the premises mentioned in the complaint in this action, in case of fire, by not placing therein a substantial stationary ladder to lead from the top floor to the scuttle opening in the roof thereof. And further answering, he denies that he is liable or indebted in any sum to the plaintiffs, or that he has incurred or forfeited any penalty for any alleged violation of any law, or the provisions of any act."

*E. H. Benn*, for the appellant.

*Wm. C. Whitney* and *J. A. Foley*, for the respondent.

*Per Curiam :*

The order made by the court below, in reference to the allegation that the plaintiffs were duly organized as a corporation, was correctly made, and is sustained.

The remainder of the answer, stricken out as false, was in our judgment, however, erroneously disposed of. The denial is as broad as the allegations in the complaint, to which it relates, and that allegation is, that the defendant refused to comply with the requirements of the superintendent of buildings, and of said law, by failing to provide said building with sufficient means of egress and escape in case of fire, by not placing thereon a substantial iron ladder to lead from the top floor to the scuttle opening in the roof.

The answer is a denial that the defendant had violated any law or ordinance, as set forth in the complaint, or assisted in the violation thereof ; or that he failed or neglected to provide sufficient means of egress or escape from the premises mentioned in the complaint in case of fire, by not placing thereon a substantial

stationary ladder to lead from the top floor to the scuttle opening in the roof thereof. It further denies that the defendant is liable or indebted in any sum to the plaintiffs, or that he has incurred or forfeited any penalty for any alleged violation of any law, or the provisions of any act.

In form these denials seem to be denials of conclusions of law, but if they are in the main subject to such an objection, the allegation in the complaint is also open to the same criticism. It will be perceived, from what has been recited from the complaint, that it is in form an allegation that the defendant failed to do certain things. If that be a sufficient averment of matters of fact, then the answer which denies it in the same language is the denial of an allegation of fact; and if it be a denial of a conclusion of law only, it is met with a response of the same character.

The plaintiff has no reason to complain, therefore, of the form of the defendant's answer, and of the manner in which the issues to be tried are created. The pleader cannot exact from the defendant any greater detail than he has adopted in the statement of his own cause of action.

The order appealed from must therefore be affirmed, so far as it relates to the frivolousness of a part of the answer, and reversed as to the remainder, without costs to either party of this appeal.

Present — BRADY, P. J., INGALLS and DANIELS, JJ.

Ordered accordingly.